ECONOMY LOCOMOTIVE SANDER CO. v. AMERICAN LOCOMOTIVE
SANDER CO.

(Circuit Court of Appeals, Third Circuit. December 18, 1907.)*

No. 25.

PATENTS—INFRINGEMENT—LOCOMOTIVE TRACK SANDER.
The Leach patent, No. 433,686, for a locomotive track sander, discloses patentable novelty and invention; also, *held* infringed.

Appeal from the Circuit Court of the United States for the District of Delaware.

For opinion below, see 154 Fed. 79.

Hector T. Fenton, for appellant.

Francis T. Chambers, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal from a decree of the Circuit Court for the District of Delaware. In that court patent No. 433,686, issued to H. L. Leach, for a locomotive track sander, was adjudged valid, and the first and second claims thereof held to be infringed by appellant, the Economy Locomotive Sander Company. From a decree awarding an injunction this appeal was taken.

We find no error in the action of the court below. The device in

*Rehearing denied.

question was one to regulate the flow of sand from the sand box of a locomotive engine to the track rail. It consisted in locking the flow of sand from the box by placing a trap in the down-take pipe, and unlocking and delivering such locked sand by a blast nozzle located in such trap. The device was as meritorious as it was simple. It proved effective in the starting and stopping of trains, and at once went into general use. It was novel, and, in our opinion, patentable. Leach was the first to locate the blast in the body of the sand lock, and therein lies the gist of his invention. By doing so he attacked and undermined the sand lock from within, and thereby secured better control of the sand and the feed thereof in smaller and more even quantities. The respondent's sanders, while differing in form, embody the peculiar functional features of Leach's device, in that the blast nozzle is located in the body of the sand lock, and the sand is carried from such lock or trap through the discharge pipe by the propulsive force of the blast.

The decree of the court below is therefore affirmed.